UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                              )
MATTHEW MENDES,               )
                              )
        Plaintiff,            )
                              )
v.                            )     Civil Action No.
                              )
ENHANCED RECOVERY             )
COMPANY, LLC                  )
        Defendant             )
_____)
```

## COMPLAINT
## JURY DEMAND

1.   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.   This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, MATTHEW MENDES, is an individual consumer residing in Plymouth, Plymouth County in the Commonwealth of Massachusetts.

4. Defendant, ENHANCED RECOVERY COMPANY, LLC, is a corporation duly organized under the laws of FLORIDA, and has its principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256.

5. Defendant regularly uses the mail and telephone in a business that the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates paragraphs 1 through 8.

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

11. Defendant sought to collect a consumer debt from Plaintiff and called Plaintiff dozens of times in an effort to collect said debt from in or around August 2010 to January 2011.

2

12. Defendant called Plaintiff on numerous occasions at all hours of the day, including but not limited to calling before 8 a.m. and after 9 p.m.

13. Defendant called Plaintiff in a manner which was intended to annoy, abuse or harass Plaintiff by calling multiple times per day.

14. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

16. Defendant willfully or knowingly violated the TCPA.

17. On or about January 4, 2011, Plaintiff sent a letter to Defendant by certified mail stating that Plaintiff refused to pay the debt (attached hereto as Exhibit A).

18. On or about January 10, 2011, Defendant received said letter which was confirmed by return receipt (attached hereto as Exhibit A).

19. After receipt of said letter, Defendant continued to make calls to Plaintiff in an attempt to collect said consumer debt.

## COUNT I
## FAILURE TO CEASE COMMUNICATIONS
## IN VIOLATION OF 15 U.S.C. § 1692c(c)

20.     Plaintiff incorporates Paragraphs 1 through 19.

21.     After receiving Plaintiff's written notice of refusal to pay, Defendant failed to cease communications to Plaintiff regarding the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.     Damages;

        b.     Attorney's fees, litigation expenses and costs of the instant suit; and

        c.     Such other or further relief as the Court deems proper.


## COUNT II
## HARASSMENT OR ABUSE IN VIOLATION OF 15 U.S.C. § 1692d(5)

22.     Plaintiff incorporates paragraphs 1 through 19.

23.     Defendant caused Plaintiff's phone to ring incessantly in a manner intended to annoy, abuse or harass Plaintiff regarding the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

24.    Plaintiff incorporates Paragraphs 1 through 19.

25.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory damages for each violation of the TCPA;

    b.    Statutory damages for each knowing or willful violation of the TCPA;

    c.    Attorney's fees, litigation expenses and costs of suit; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 22 day of April, 2011.

>JOSEPH W. GRUSS, ESQ.
>Attorney for Plaintiff
>Di Giacomo & Gruss
>2045 Centre Street
>West Roxbury, MA 02132
>Telephone: 617-323-3544
>Facsimile: 617-323-3548
>Law1918@hotmail.com
>
>By: /s/ Joseph W. Gruss
>Joseph W. Gruss, BBO # 648109
>
>CHRISTIAN A. GONSALVES, ESQ.
>Attorney for Plaintiff
>Post Office Box 110
>East Boston, MA 02128
>Telephone: 617-970-1301
>Facsimile: 617-207-4349
>gonsalveslaw@gmail.com
>
>By: /s/ Christian A. Gonsalves
>Christian A. Gonsalves, BBO# 648326